UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 21 2011
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| David Upton, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 11 1332 |
| Andre Birotte Jr., | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* petition for a writ of mandamus and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii). Under that statute, the Court is required to dismiss a case "at any time" it determines that the petition fails to state a claim upon which relief can be granted or is frivolous.

Petitioner, a resident of Hesperia, California, seeks a writ of mandamus under 28 U.S.C. § 1361 to compel the United States Attorney for the Central District of California to present evidence of criminal activity to a federal grand jury. He alleges that United States Magistrate Judge Patrick J. Walsh committed criminal acts in dismissing his civil actions, *see* Pet. ¶ 6, and he charges Chief Judge Alex Kozinski of the Ninth Circuit and Chief Magistrate Judge Stephen J. Hillman of the Central District of California with criminal conspiracy for "intentionally, recklessly, willfully, and wantonly refus[ing] to require Magistrate Judge . . . Walsh to recuse himself" from petitioner's case. *Id.* ¶ 10. Hence, petitioner seeks to compel the respondent "to

present criminal charges against" Judges Kozinski, Hillman, Walsh and Chief District Judge Audrey B. Collins who allegedly referred the case to Walsh. Pet. ¶¶ 5, 31.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Furthermore, the writ is not available if another adequate remedy exists. *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996).

The federal appeals process provides an adequate remedy for petitioner to challenge the adverse rulings of the lower courts, and the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citing *Powell v. Katzenbach*, 359 F.2d 234-35 (1965)) (other citations omitted). Therefore, petitioner fails to state a claim for mandamus relief. In addition, petitioner's application to compel a criminal investigation of judges simply because he disagrees with their rulings lacks "an arguable basis in law and fact" and, thus, is frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: July 20, 2011